UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIMELDA MENDEZ,
                          Plaintiff,

-v-

BATH & BODY WORKS, LLC,
                         Defendant.

19-CV-9856 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

       Himelda Mendez brings suit against Bath & Body Works, LLC, alleging that the company's failure to sell Braille gift cards is discrimination prohibited by federal and state law. Bath & Body Works moves to dismiss the complaint on the grounds that the Court lacks jurisdiction and that Mendez has failed to state a claim. (Dkt. No. 16.) Since the facts and claims of this case are nearly identical to those of this Court's recent decision in *Mendez v. Outback Steakhouse of Florida, LLC*, No. 19-CV-9858, 2020 WL 4273820 (S.D.N.Y. July 23, 2020), that decision governs the outcome here. For the reasons that follow, the Court concludes that it has jurisdiction but that Mendez has failed to state a claim. Bath & Body Works's motion is granted.

**I.     Background**

       The relevant facts — assumed to be true for the purposes of this motion to dismiss, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) — are taken from the operative complaint (Dkt. No. 14 ("Compl.")).

       Plaintiff Himelda Mendez is a legally blind person requiring Braille to read written material. (Compl. ¶ 2.) Defendant Bath & Body Works, LLC owns and operates several retail stores in New York City and New York State, including one store roughly two blocks away from


Mendez's residence.  (Compl. ¶¶ 25–26.)  Bath & Body Works sells and utilizes gift cards for consumers to purchase the company's goods.  (Compl. ¶ 30.)  However, neither the gift cards nor their packaging contain Braille or other aids to communicate the contents of the gift cards to visually impaired consumers like Mendez.  (Compl. ¶ 36.)  On October 21, 2019, Mendez called Bath & Body Works's customer service office to purchase a gift card and asked whether the company sold Braille gift cards; she was told that no such gift cards were sold.  (Compl. ¶ 16.)

In response, Mendez filed this putative class action suit on behalf of legally blind persons who would like to buy Braille gift cards from Bath & Body Works.  (Compl. ¶¶ 60–62.)  Mendez alleges that Bath & Body Works's failure to offer Braille gift cards violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12,182 *et seq.*, and similar New York State and New York City laws.  (Compl. ¶ 105.)  She seeks compensatory damages, fees, and declaratory and injunctive relief.  (Compl. at 24–25.)  Bath & Body Works filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. No. 16.)

**II.     Discussion**

In *Outback Steakhouse*, 2020 WL 4273820, at *1, this Court was presented with virtually the same set of facts and claims as those at issue here — indeed, the operative complaints in both cases are almost word-for-word identical, with the same plaintiff represented by the same law firm in both instances.  The sole material difference between the cases is the corporate identity of the defendant.  In other words, *Outback Steakhouse* controls this case completely.  While Mendez has standing to pursue her claims against Bath & Body Works, *see id.* at *2–3, her ADA claims fail as a matter of law.  First, gift cards are a good that Bath & Body Works has no duty to modify under the ADA.  *Outback Steakhouse*, 2020 WL 4273820, at *3 (quoting *Mendez v. BG Retail LLC*, No. 19-CV-11166, 2020 WL 3318293, at *2 (S.D.N.Y. June 18, 2020)).  Second,

Mendez has not "plead[ed] facts indicating that [Bath & Body Works] refused her any [and all] means of 'effective communication' with respect to its gift cards," *id.* at *4 (emphasis omitted) (quoting 28 C.F.R. § 36.303(c)(1)(ii)), so her claim that Bath & Body Works violates the ADA simply by failing to offer Braille gift cards as an "auxiliary aid[]" is also insufficient, *see id.* (quoting 42 U.S.C. § 12182(b)(2)(A)(iii)).

Without the dismissed federal claims, the Court declines to exercise supplemental jurisdiction over Mendez's state and city claims. *See Outback Steakhouse*, 2020 WL 4273820, at *4 (citing 28 U.S.C. § 1367(c)(3)).

As was the case in *Outback Steakhouse*, Mendez is invited to inform the Court how a second amended complaint would state a sufficient claim — specifically, whether there are "additional facts indicating that [Bath & Body Works] failed to provide auxiliary aids or services ensuring effective communication of the information on its gift cards to blind persons." 2020 WL 4273820, at *4.

**III.   Conclusion**

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim is GRANTED.

Plaintiff may file a letter motion requesting leave to file a second amended complaint, provided that she does so on or before October 6, 2020. If she chooses not to seek leave to amend, she is directed to so indicate in a letter filed by the same date. If Plaintiff chooses not to amend, or does not file a letter within the indicated time limit, the Court will enter final judgment and direct the Clerk of Court to close this case, permitting an appeal.

SO ORDERED.

Case 1:19-cv-09856-JPO   Document 24   Filed 09/14/20   Page 4 of 4


4

Dated: September 14, 2020
      New York, New York

_____
J. PAUL OETKEN
United States District Judge